# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNNY R. RITCHIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-06-511-FHS-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

The claimant Johnny R. Ritchie requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision should be REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only "if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and

work experience, engage in any other kind of substantial gainful work in the national economy . . ." *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless,

---

[1] Step one requires the claimant to establish he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to a listed impairment), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show he does not retain the residual functional capacity (RFC) to perform his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work he can perform existing in significant numbers in the national economy, taking into account the claimant's age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on August 19, 1962, and was 43 years old at the time of the administrative hearing. He has a ninth grade education and previously worked as a road grader, farm worker, farm loader, vaccinator, school laborer, and steam cooker. The claimant alleges he has been unable to work since August 16, 2001, because of a closed head injury, headaches, loss of vision in the left eye, back pain, right shoulder fracture, left shoulder pain, and right ankle fracture.

## Procedural History

On January 26, 2004, the claimant filed an application for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401- 434, and an application for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1385. The applications were denied. After a hearing on April 5, 2006, ALJ Charles Headrick found that the claimant was not disabled in a decision dated June 28, 2006. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to lift up to 50 pounds

occasionally, stand and/or walk three hours in an eight-hour workday, and sit for eight hours per day. The claimant could frequently bend and climb but only occasionally squat and crawl (Tr. 12-13). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work in the regional and national economies he could perform, *e.g.*, assembly, masking, polishing, and inspecting occupations (Tr. 14-15).

**Review**

The claimant contends that the ALJ erred: (i) by finding he had the RFC to perform substantial gainful activity; and, (ii) by improperly analyzing his credibility. But the undersigned Magistrate Judge finds that the ALJ's decision should be reversed and the case remanded for another reason: the ALJ ignored an opinion from examining physician Dr. John Halford, D.O., that the claimant could perform no climbing.

The claimant was examined for workers' compensation purposes by Dr. Halford, D.O., in July 2002 for injuries he suffered from an accident at work in August 2001 in which he twisted his ankle, passed out, and fell and hit his head. Since the accident, the claimant has experienced severe headaches. Although the claimant's neurological testing was normal, an MRI of his neck revealed degenerative changes and spondylosis at C6-7. The claimant indicated to Dr. Halford that he had experienced blackouts in the past. For this reason, Dr. Halford found that the claimant had permanent restrictions which included no climbing (Tr. 190-92, 255).

The claimant was seen by consulting physician Dr. Short in December 2005. He complained of chronic headaches and back pain, depression, and hypertension. He also experienced problems with his memory, blackout spells, and sleep apnea. Dr. Short conducted an examination of the claimant and then completed a physical medical source statement on which he opined that the claimant could: (i) sit three hours at one time and for a total of eight hours during an eight-hour workday; (ii) stand and/or walk one hour at one time and for a total of three hours during an eight-hour workday; (iii) lift and/or carry up to 25 pounds frequently and 50 pounds occasionally; and, (iv) bend and climb frequently, reach continuously, and squat and crawl occasionally. He further indicated that the claimant had a total restriction of activities including unprotected heights, being around moving machinery, and driving because of his history of blackout spells (Tr. 230-39).

The ALJ did not specifically discuss Dr. Short's findings on the physical medical source statement, but he did appear to adopt them (including the conclusion that the claimant could frequently climb), *i. e.*, he included them in the hypothetical question posed to the vocational expert ("VE") and in the claimant's RFC (Tr. 13, 296-98).[2] The ALJ apparently did not consider, however, the permanent restriction imposed on the claimant by Dr. Halford for no climbing. *See Clifton v. Chater,* 79 F.3d 1007, 1010 (10th Cir. 1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the

---

[2] Although the RFC listed in the ALJ's decision does not include limitations for avoiding unprotected heights, being around moving machinery, or driving, the ALJ included these limitations in the hypothetical question to the VE (Tr. 296). Further, the ALJ found that the claimant could perform all the jobs the VE identified based on such limitations (Tr. 15, 298).

uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."), *citing Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). *See also Threet v. Barnhart*, 353 F.3d 1185, 1190 (10th Cir. 2003) (remanding "for the ALJ to articulate specific findings and his reasons for ignoring . . . evidence."). Although the ALJ was not bound by Dr. Halford's opinion, he was nevertheless not free to ignore it. *See Hamlin v. Barnhart,* 365 F.3d 1208, 1215 (10th Cir. 2004) ("An ALJ must evaluate *every* medical opinion in the record, *see* 20 C.F.R. §[§] 404.1527(d), [416.927(d)], although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional. . . . An ALJ must also consider a series of specific factors in determining what weight to give *any* medical opinion.") [emphasis added], *citing Goatcher v. Department of Health & Human Services,* 52 F.3d 288, 290 (10th Cir. 1995). Because Dr. Halford's opinion was inconsistent with Dr. Short's opinion (and the RFC adopted by the ALJ), the ALJ should have specifically analyzed both opinions, determined what weight to give them, and explained why he preferred one opinion over another. *Id.* at 1223 ("If an ALJ intends to rely on a nontreating physician or examiner's opinion, he must explain the weight he is giving to it."), *citing* 20 C.F.R. § 404.1527(f)(2)(ii), 416.927(f)(2)(ii); *cf. Shubargo v. Barnhart*, 161 Fed. Appx. 748, 754 (10th Cir. 2005) ("[T]he agency requires ALJs to weigh all medical source opinion evidence and explain in their decision why they rely on a particular non-examining agency expert's opinion when opinions are conflicting. . . . We conclude that this case must be remanded for the ALJ to consider and discuss Dr. Woodcock's medical opinion and to explain why he rejected it in

favor of other non-examining consultative opinions.") [unpublished opinion], *citing* 20 C.F.R. § 404.1527(f).

The ALJ's failure to properly evaluate Dr. Halford's opinion that the claimant was permanently restricted from climbing was significant because the record does not reflect whether the claimant can perform any work with such a limitation. The hypothetical question posed to the VE by the ALJ indicated that the claimant could frequently climb (Tr. 296); the VE was not specifically asked whether the claimant could perform any work with a limitation for no climbing. *See, e. g., Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) ("'[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision.'"), *quoting Ekeland v. Bowen*, 899 F.2d 719, 724 (8th Cir. 1990). Accordingly, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis of Dr. Halford's opinion that the claimant was permanently restricted from climbing. If the ALJ determines that the claimant's RFC should be altered in any way, he should pose an appropriate hypothetical question to the VE and determine what work, if any, the claimant can perform with his new RFC.

**Conclusion**

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and the case

REMANDED for further proceedings as set forth above. The parties are herewith given ten (10) days to file any objections with supporting briefs. Failure to object to the Report and Recommendation will preclude appellate review of the judgment of the District Court based on such findings.

     **DATED** this 15th day of November, 2007.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**